EDWARD LAROQUE AND OTHERS
vs.
JOSEPH CANDOLLE.

July Term, 1852.

[COUNSEL FEES.]

Counsel fees for services rendered by a solicitor at the instance of an attorney in fact of the *cestui que trust*, will not be allowed out of the trust fund. The trustee will be allowed all his reasonable costs and expenses including money paid in properly taking the opinion, and procuring the direction and assistance of counsel in administering the trust, but this is the utmost extent to which the practice has been carried.

In this case, certain property was sold under a decree of this court, by Edward Laroque and Charles F. Mayer, trustees, and the only question decided, in the opinion of the Chancellor, below, arises upon the petition of James C. Ninde, filed in the cause on the 21st of June, 1852.

This petition alleges, in substance, that said Ninde was in 1843, employed by Joseph L. Bonnet, the attorney in fact of some of the parties interested in the property sold, residing in France, as solicitor to represent their interest in this cause, then pending, for the purpose of procuring a decree for the sale of said property. That he continued to render his services as such solicitor at various times from the period of his employment down to the month of June, 1851, when the power of attorney under which said Bonnet was authorized to act as attorney in fact for said parties was revoked. That he has never been paid for his said professional services, which he estimates at $200, and prays for an allowance therefor out of the trust funds in the hands of the trustees.

This petition was resisted, and a general replication thereto entered, and evidence taken in support thereof, which it is not necessary to state, as the petition was dismissed upon other grounds stated in the following opinion of the Chancellor.]

THE CHANCELLOR:

The matter of the petition of Joseph C. Ninde being submitted by the parties under the order of the 22d of June last,

the proceedings have been read and considered.    It is an appli-
cation by a solicitor for a  fee to be  paid out of  a  fund  under
the control of the court for  professional services  rendered  at
the instance of an attorney *in fact* of  the  *cestui que  trust*, and
not of the trustees.    There is  no evidence that  the trustees
either desired, or needed, the aid of counsel to assist them in
the discharge of their duty, nor is there any evidence that  by
their  negligence the interposition of counsel  employed  by the
attorney in fact was necessary.    So far from this, the proceed-
ings in the case show that the interests of the attorney in fact
and of the *cestui que trust* became, in the progress of the cause,
and at an early stage of  it, antagonistic.

It is the practice of the court, under the head of "just allow-
ances," to reimburse  the trustee when  administering his trust
under its direction, all his reasonable costs and expenses, includ-
ing money expended by him in properly taking the opinion, and
procuring the direction and  assistance of counsel.  2  *Daniell's*
*Ch. Pr.*, 1430, 1431 ; 2 *Bland*, 417 ; 3 *Daniell's Ch. Pr.*,
1586.    But it is believed this is the extent to which the prac-
tice has been carried, and that no case can be found  or rule of
practice shown in which the court has undertaken to lay its
hands upon the money of the *cestui que trust*, and pay it to a
party claiming to be his or her counsel.    In this case, the claim
is denied and resisted, and it would, as I conceive, not only be
without precedent, but eminently improper in this court to pass
upon the question in dispute.    Such a practice would draw to
it a vast number of controversies which can much more appro-
priately and satisfactorily be determined by a different tribunal.

This is not the case of a trustee asking an  allowance when
the aid of counsel has become necessary in the administration
of the trust, but the application is by the counsel who, claiming
to have rendered services to the *cestui que trust*, asks to be
paid out of the fund belonging to her.    This cannot be done.
It is, therefore, ordered, that the said petition be, and the same
is hereby dismissed, with costs, to be taxed by the Register.

TEACKLE, for Petitioner.

DOBBIN and TALBOTT, for the Parties opposing the application